**McCRACKEN, STEMERMAN & HOLSBERRY, LLP**
Richard G. McCracken, NV SBN 2748
1630 S. Commerce Street, Suite A-1
Las Vegas, Nevada 89102
Tel: (702) 386-5107
Fax: (702) 386-9848
*rmccracken@msh.law*

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS, LOCAL 631,<br><br>         Plaintiff,<br><br>    vs.<br><br>FREEMAN EXPOSITIONS, INC.,<br><br>         Defendant. | Case No. _____<br><br>**COMPLAINT** |

### Parties, Jurisdiction and Venue

1.  Plaintiff International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, Local 631("Local 631") is a labor organization with its principal place of business located in Las Vegas, Nevada.  Local 631 is a labor organization within the meaning of 29 U.S.C. § 185.

2.  Defendant Freeman Expositions, Inc. ("Freeman") is a corporation.  On information and belief, Freeman is organized and existing pursuant to the laws of the State of Texas  Freeman is an employer in an industry affecting Congress within the meaning of 29 U.S.C. § 185.  Freeman conducts extensive business operations in southern Nevada and particularly in the Las Vegas area, and is party to a collective bargaining agreement with Plaintiff under which the dispute which is the subject of this action arose.

3.  This court has original jurisdiction pursuant to 29 U.S.C. § 185 and 28 U.S.C. § 1331.

4. This venue is proper in this District pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 185(a) and (c).

**Facts**

Freeman and Local 631 are parties to a current collective bargaining agreement covering convention service workers in various classifications, including warehouse employees, drivers and show site workers. A true and correct copy of the collective bargaining agreement ("CBA") is attached as Exhibit A.

Paul Holt (Holt) is a member of Local 631. For many years, he was employed by Freeman as the Lead Painter in its Las Vegas warehouse and was covered by the CBA. As is typical in the convention services business, Holt was occasionally sent by Freeman to work at show sites in the Las Vegas area.

Freeman terminated Holt on May 26, 2018. Local 631 filed a grievance over the termination. The parties were unable to resolve the grievance and Local 631 submitted the grievance to arbitration. The arbitration hearing was scheduled for July 19, 2019.

On July 10, 2019, Freeman and Local 631 settled the grievance over Holt's termination. Holt agreed to include withdrawal of his pending charge with the Equal Employment Opportunity Commission as part of the settlement and Local 631 waived any back pay for Holt. Freeman agreed to pay the benefit fund contributions it would have paid had Holt continued working and agreed to reinstate Holt "to his former position in the warehouse and pay grade." A true and correct copy of the settlement agreement ("Settlement Agreement") is attached as Exhibit B incorporated herein by reference.

Holt withdrew his Equal Employment Opportunity Commission charge as promised. Freeman did _not_ reinstate Holt to his "former position." His former position was the Lead Painter. There was only one Lead Painter and it was Holt. Freeman has designated another employee as the Lead Painter instead of Holt. While Holt is being paid Lead Painter pay, he does not have the authority, responsibilities or protection of the Lead Painter.

The Leadman has particular responsibilities and job protection under the CBA. Article 6, Section C.1 of the CBA provides:

> Leadman - The Leadman shall be an employee whom the Employer has assigned supervision of a crew of three or more workers. That work assignment shall be of a specific nature, the priority of which requires proper direction for its completion.

Section D.2 provides: "At a minimum, anytime there is a crew of people a Union Leadman classification must be used." Under Article 12, Section D of the CBA, the Leadman is the first hired and the last to be laid off. Subsection 1 provides:

> The Union Steward or his designee will be the first Teamster employee employed, following the foreman or Leadman on the crew they elect to come in with, except for specialty crafts providing they are qualified to perform the work available.

Subsection 4 stipulates that "[t]he Union Steward or their designee shall be the last individual to leave other than the exceptions listed below: A. When there is (1) Foreman or Leadman remaining."

### Claim for Relief

Freeman is violating the Settlement Agreement by not reinstating Holt to his former position as the Leadman, and is thereby depriving Holt of the benefits accruing to the holder of this position.

WHEREFORE, Plaintiff prays:

1. For a preliminary injunction requiring Freeman to reinstate Holt to his former position as the Leadman in the paint department of Freeman's warehouse in Las Vegas, said injunction to be made permanent after trial;

2. That Holt be made whole for any damages he suffers by virtue of Freeman's violation of the Settlement Agreement, including but not limited to any lost wages and benefit contributions due to hire or layoff out of order;

3. For Plaintiff's attorney's fees and cost of action incurred herein.

4. Such other and further relief as the court seems proper.

Dated: July 24, 2019            Respectfully Submitted,

**McCRACKEN, STEMERMAN, & HOLSBERRY**

*/s/Richard G. McCracken*
Richard G. McCracken, NV SBN 2748
1630 S. Commerce Street, Suite A-1
Las Vegas, Nevada 89102
Tel: (702) 386-5107
Fax: (702) 386-9848
rmccracken@msh.law

*Attorneys for Plaintiff*

COMPLAINT                                                                  Case No. _____